UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN A. LEE,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:17-cv-00564-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Marvin A. Lee filed a complaint against the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") seeking review of the Commissioner's denial of Plaintiff's application for Social Security Disability Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing the disputed issues in the case [Dkt. 18 ("Pltf.'s Br."), Dkt. 19 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

///

///

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On August 5, 2010, Plaintiff filed an application for DIB, alleging that he became disabled as of July 10, 2010. [Dkt. 16, Administrative Record ("AR") 302-310.] The Commissioner denied his initial claim for benefits on March 29, 2011 and then denied his claim upon reconsideration on August 12, 2011. [AR 173-177, 183.] On October 12, 2012, a hearing was held before Administrative Law Judge ("ALJ") Lawrence J. Duran. [AR 54-89.] On October 18, 2012, the ALJ issued a decision *granting* Plaintiff's request for benefits. [AR 150-162.] On May 20, 2013, the Appeals Council found that the ALJ's decision was not supported by substantial evidence and remanded the case back to the ALJ for another hearing. [AR 163-166.]

Subsequently, on February 19, 2015, a second hearing was held before ALJ Alan J. Markiewicz. [AR 90-136.] On August 7, 2015, the ALJ issued a decision *denying* Plaintiff's request for benefits. [AR 30-52.] Plaintiff requested review from the Appeals Council, which denied review on January 24, 2017. [AR 1-5.] Plaintiff now seeks review from this Court.

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since June 10, 2010, the alleged onset date, through December 31, 2014, his date last insured. [AR 36.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine; degenerative disc disease of the cervical spine; degenerative joint disease of the bilateral knees with history of bilateral knee surgeries in the 1990s; degenerative joint disease of the left ankle, bilateral carpal tunnel syndrome; and major depressive disorder. [AR 36 (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR

37-38 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> Light work as defined in 20 CFR 404.1567(b) except he can occasionally lift and carry 20 pounds and frequently lift and carry 10 pounds; he can stand and walk for six hours in an eight-hour workday; he has no sitting limitation; he cannot climb ladders, ropes, or scaffolds; he has no limitations in climbing ramps and stairs; he can occasionally crawl; he can frequently perform handling and fingering activities with the bilateral upper extremities; and he is limited to work involving simple and repetitive tasks.

[AR 38-44.] Applying this RFC, the ALJ found that Plaintiff is unable to perform past relevant work but could perform representative occupations such as cashier (DOT #: 211.462-010), packing machine operator (DOT #: 920.685-082), and electronics worker (DOT#: 726.687-010) and, thus, is not disabled. [AR 44-46.] The cashier position requires reasoning Level 3 on the GED scale. [See DOT #: 211.462-010 (1991 WL 671840).] The packing machine operator and electronics worker positions require Level 2 reasoning on the GED scale.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## IV. DISCUSSION

Plaintiff's sole contention is that the ALJ's RFC failed to correctly reflect the opinions of the state agency consultant, K.J. Loomis, D.O., and consultative examiner, Estelle Toby Goldstein, M.D. [Pltf.'s Br. at 2.] Specifically, the ALJ gave "great weight" to both Dr. Goldstein's and Dr. Loomis' opinions. [*See* AR 44.] However, the ALJ's RFC did not account for Dr. Goldstein's and Dr. Loomis' opinion that Plaintiff was limited to understanding, remembering, and carrying out simple one to two-step tasks. [AR 38.] Plaintiff contends that the ALJ erred by failing to offer any explanation as to why this limitation was omitted from the RFC.

On July 19, 2011, Dr. Goldstein conducted a comprehensive psychiatric evaluation. [AR 1285-1290.] Dr. Goldstein conducted a mental status examination, and found Plaintiff to be truthful with no evidence of exaggeration or manipulation. [AR 1287-1289.] Plaintiff exhibited a depressed mood and affect and reported that he occasionally hears some mumbles (but does not hear voices). [*Id.*] He denied any feeling of hopelessness, helplessness, or worthlessness and was not tearful at the examination. [*Id.*] Dr. Goldstein described Plaintiff as alert, oriented, and neatly groomed with coherent and organized thought process, normal speech, fair intelligence, insight, and judgment. [*Id.*] Plaintiff could recall three items immediately (ball, flag, yellow), but could not recall those same items after five minutes. [*Id.*] Plaintiff was able to do simple calculations, spell the word "world" forward and backwards, but he could not perform serial threes (counting done by threes). [AR 1288.]

Dr. Goldstein diagnosed Plaintiff with major depressive disorder and assessed a Global Assessment of Functioning ("GAF") score of 57. [AR 1289.] Dr. Goldstein opined that Plaintiff is *mildly impaired* in his ability to: (1) understand, remember, and carry out simple one or two-step job instructions; (2) interact with

co-workers and the public; and (3) accept instructions from supervisors. Plaintiff is *moderately impaired* in his ability to: (1) "do detailed and complex instructions;" and (2) maintain concentration and attention, persistence and pace. [AR 1289-1290.]

Dr. Loomis conducted a review of the medical evidence and provided a mental functional capacity assessment of Plaintiff on August 10, 2011. [AR 1305-1306.] Dr. Loomis opined that Plaintiff suffered from "mood/depressive disorder." [AR 1297.] With regard to Plaintiff's mental abilities, Dr. Loomis opined that Plaintiff had moderate limitations in his ability to understand, remember, and carry out detailed instructions. [AR 1305.] Specifically, Dr. Loomis stated that Plaintiff is "capable of understanding, remembering, and carrying *out simple one to two step (unskilled) tasks.*" [AR 1293 (emphasis added).]

Although the ALJ purportedly found Dr. Goldstein's and Dr. Loomis' opinions regarding Plaintiff's mental limitations to be entitled to great weight, the ALJ failed to explain why he did not include the limitation to one to two-step instruction work in the RFC assessment. *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95. Instead, he limited Plaintiff to "simple and repetitive tasks." The Commissioner contends that Plaintiff provides "no authority" to support his position that "[a] limitation to simple repetitive tasks is not the same as a limitation to simple one and two step instructions." [Def.'s Br. at 7.] However, Ninth Circuit law makes clear that these two limitations are not equivalent.

In *Rounds v. Commissioner Social Security Administration*, the ALJ's RFC determination limited the plaintiff to "one to two-step tasks." *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003 (9th Cir. 2015). A vocational expert testified that the plaintiff could perform jobs like a kitchen helper, hand packager, and recycler—all requiring Level Two reasoning on the GED scale ("ability to carry out detailed but uninvolved written oral instructions"). *Id.* at 1002. On appeal, plaintiff argued that the RFC limitation to "one to two-step tasks" matched Level One

reasoning ("ability to carry out simple one–or two-step instructions") and, therefore, she could not as a matter of law perform the Level Two jobs identified by the vocational expert. *Id.* at 1103. The Ninth Circuit agreed and found a conflict between the RFC limit to "one and two step tasks" and the vocational expert's selection of Level Two reasoning jobs, given the "close similarity" between the RFC limitation and Level One reasoning. *Id. Rounds* shows that a significant distinction exists between Level One and Level Two reasoning jobs, with Level One jobs typically lining up with the ability to perform one or two step job instructions. In other words, a limitation to one and two–step instruction work is more restrictive than a limitation to simple and repetitive tasks.

Thus, Court concludes that the ALJ erred with respect to Dr. Goldstein's and Dr. Loomis' opinions. To the extent that the ALJ accepted the opinion that Plaintiff is limited to one and two–step instruction work, the ALJ's RFC assessment does not account for that limitation. [AR 38.] To the extent that the ALJ *rejected* that portion of the opinions, he erred by failing to provide any reasons for doing so. The Social Security Act tasks the ALJ with determining the credibility of medical testimony and resolving conflicting evidence and ambiguities. *Reddick v. Charter*, 157 F.3d 715, 722 (9th Cir. 1998). In general, an examining physician's opinion is given more weight than the opinion of non-examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); 20 C.F.R. § 404.1527(d)(2). An ALJ may reject an *uncontradicted* opinion of a treating or examining medical professional only by identifying "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). In contrast, a *contradicted* opinion of a treating or examining professional may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830. In addition, an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ did not articulate reasons for rejecting this portion of state agency consultant's

6

or examining physician's opinion, as required by Social Security regulations. SSR 96-8p, at *7, 1996 WL 374184 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted"); *see also Dale v. Colvin*, 823 F.3d 941, 944-46 (9th Cir. 2016).

Accordingly, the Court finds that the ALJ erred with respect to Dr. Goldstein's and Dr. Loomis' opinion and the Court cannot say that it was harmless given that the vocational expert testified that Plaintiff could perform jobs like a packing machine operator, electronics worker, and cashier—requiring Level Two or Three reasoning on the GED scale (not Level One reasoning). Accordingly, remand is warranted.

## V. CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* A remand for an immediate award of benefits is appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

The Court finds that remand is appropriate because the circumstances of this case do not preclude the possibility that further administrative review of the opinions of Drs. Goldstein and Loomis and the VE's testimony could remedy the ALJ's errors. The Court therefore declines to exercise its discretion to remand for an immediate award of benefits. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon

reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Dominguez v. Colvin,* 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: DATE

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE